

FILED
SEP 24 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KENNETH LEE PARKER, #353982,

    Petitioner,

v.                                                                           ACTION NO.
                                                                           2:09cv84

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

Petitioner Kenneth Lee Parker, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his October 14, 2005 convictions by the Circuit Court for the City of Newport News for robbery, abduction, and two counts of use of a firearm. Parker was sentenced to forty-eight years with twenty-five years suspended. Parker's appeal to the Court of Appeals of Virginia was refused. His petition for appeal to the Supreme Court of Virginia was denied on November 14, 2006.

On November 15, 2007, counsel attempted to file a habeas petition in the Circuit Court for the City of Newport News. The petition was not sworn to by Petitioner as required by Virginia Code

§ 8.01-655, and was not properly filed until January 25, 2008. The petition was dismissed as barred by the statute of limitations on October 7, 2008. Parker did not appeal the dismissal to the Supreme Court of Virginia.

Parker, presently in the custody of the Virginia Department of Corrections at the Sussex II State Prison in Waverly, Virginia, filed this federal habeas petition on February 23, 2009. On April 27, 2009, the Respondent filed a Rule 5 Answer and Motion to Dismiss. Parker filed a response to the Motion to Dismiss on May 4, 2009. Accordingly, this matter is now ripe for adjudication.

**Grounds Alleged**

Parker asserts the following entitle him to relief under 28 U.S.C. § 2254:

1. there was insufficient evidence to support his convictions;[1]

2. he was denied effective assistance of counsel due to counsel's failure to:

   a. object to a witness testifying before he was placed under oath;

   b. file a motion to suppress Petitioner's statement made to police officers prior to receiving his Miranda warnings;

   c. subpoena additional alibi witnesses; and

---

[1] Parker argues his sufficiency of the evidence claim as a claim of actual innocence. (Pet. at 3.) A "freestanding" claim of actual innocence is not cognizable on federal habeas review; however, in limited circumstances it may be used as a gateway to review defaulted constitutional claims. Herrera v. Collins, 506 U.S. 390, 404-405 (1993). To successfully assert an actual innocence claim for this purpose, the petitioner "must offer 'new reliable evidence' [whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence] that was not presented at trial." Royal v. Taylor, 188 F.3d 239, 44 (4th Cir.1999) (quoting Schlup v. Delo, 513 U.S. 298, 324(1995)). Further, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 243-44 (quoting Schlup, 513 U.S. at 327). Parker offers no new evidence in support of his actual innocence claim, but instead rehashes the evidence presented at his trial. (Pet. at 3-9.)

2

    d.    advise Petitioner regarding his right to appeal and right to file a motion for reconsideration.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Parker's claims are barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

The Virginia Supreme Court denied Parker's direct appeal on November 14, 2006. For a prisoner, like Parker, who does not file a Petition for Writ of Certiorari in the United States Supreme Court, the clock begins to run when the time for seeking certiorari expires (ninety days after the highest state court rules). See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, the statutory period of limitations for filing Parker's federal habeas petition began running on February 14, 2007.

Under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled during the time that a properly filed petition for state collateral review is pending. Parker filed a habeas petition with the Circuit Court for the City of Newport News on January 25, 2008. However, the court dismissed Parker's petition as untimely. Accordingly, U.S. Supreme Court precedent dictates that Parker's petition is not "properly filed," and Parker is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)(holding that when a state court dismisses a "petition as untimely, it [is] not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under

3

§ 2244(d)(2)").[2] Parker had until approximately February 14, 2008 to file his federal habeas petition, but did not file this petition until February 23, 2009. Therefore, Parker's claims are barred by the statute of limitations.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b),

---

[2] Even if the federal limitations period had been tolled during the pendency of Parker's state habeas petition, Parker still would not have timely filed his federal petition. Parker first attempted to file a habeas petition with the Circuit Court for the City of Newport News on November 15, 2007, after over nine months of his federal limitations period had expired. On October 7, 2008, the Circuit Court for the City of Newport News dismissed Parker's petition. Had the federal limitations period been tolled from the time Parker first attempted to file his state habeas petition until the state petition was dismissed, Parker would have had until approximately January 6, 2009 to file his federal habeas petition. Parker did not file the current petition until February 23, 2009.

4

computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of the report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
September 24, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

James Arthur DeVita, Esq.
Law Office of James A. DeVita
2111 Wilson Blvd.
Suite 700
Arlington, VA 22201

Leah Ann Darron, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

September 25, 2009